UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANMY TRAN,

        Defendant.
                                      /

Criminal Case No. 11-20468-20

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2) [1447]**

On June 10, 2015 Defendant Anmy Tran filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 (c) [1447]. Tran filed a Motion to Inquire of Case Status [1562] on September 6, 2016. On December 1, 2017, the Government filed a Response [1640]. For the reasons stated below, the Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) [1447] is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 10, 2013, a jury convicted Tran of Health Care Fraud Conspiracy (Count I); Conspiracy to Distribute Controlled Substances (Count XI); and Conspiracy to Pay/Receive Health Care Kickbacks (Count XXI). [Dkt. #975].

On January 10, 2014, the Court held a Sentencing Hearing. Tran's Sentencing Guidelines were 97-121 months. Neither party objected to that calculation. The Guidelines were calculated, in part, based on a base offense level of 26 on Count XI

and a base offense level of 28 on Counts I and XXI.[1] At the Sentencing Hearing, the Court explained: "[t]he resulting calculation is a Criminal History Category I, Total Offense Level 30, for a Guideline Range of 97, which is 8 years and 1 month to 121, which is 10 years and 1 month." Sent'g Hr'g Tr., 26:12-16, Jan. 10, 2014. Pursuant to the Sentencing Reform Act of 1984, the Court sentenced Tran to a below-guidelines sentence of five years of imprisonment on all three counts to run concurrently.

## ANALYSIS

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Tran seeks a reduction of her sentence based on Amendment 782 to the Sentencing Guidelines, enacted on November 1, 2014. Amendment 782 amended the drug quantity table set forth in U.S.S.G. § 2D1.1 by reducing the base level offense by two levels for most drug offenses. *See United States v. Vestal*, No. 17-5080, 2017 WL 5899788, at *1 (6th Cir. Nov. 29, 2017). Tran strictly seeks review of the applicable Guidelines for Count XI.

---

[1] *See also United States v. Tran*, 609 F. App'x 295, 297 (6th Cir. 2015) (noting that the district court applied an "adjusted offense level of twenty-eight for the combined offenses of conspiracy to commit healthcare fraud and conspiracy to receive healthcare kickbacks.").

Tran submits that under Amendment 782, her Sentencing Guidelines' range has been lowered from 97-121 months to 51-63 months. She asks the Court to impose a below-guidelines sentence of 33 months.

The Government concedes that had the Court sentenced Tran after the enactment of Amendment 782, her Guidelines' offense level for Count XI would have been 24, instead of 26. Nevertheless, the Government argues that resentencing is unwarranted because the proposed adjustment would not have modified Tran's ultimate Sentencing Guidelines' range of 97-121 months.

Because Tran was sentenced for both a narcotics offense (Count XI) and fraud offenses (Counts I and XXI), the Court applied U.S.S.G. § 3D1.4. *See Tran*, 609 F. App'x at 297 (explaining that the district court "incorporate[ed] the multiple-count adjustment . . . [and] calculated Tran's total offense level at thirty.").

Section 3D1.4 provides: "[t]he combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated in the following table . . . ."

In this case, the highest base offense level was 28, assigned to Tran's convictions for Conspiracy to Commit Healthcare Fraud (Count I) and Conspiracy to Receive Healthcare Kickbacks (Count XXI). Thus, 28 was the proper starting point. *See United States v. Bazazpour*, 690 F.3d 796, 804 (6th Cir. 2012) (explaining that the district court "applied the highest base offense level for the counts on which [the defendant] was convicted, *i.e.,* arson, with a base level of 24" and "properly used an

adjusted level of 24 as its starting point for determining the appropriate sentence to impose.").

Here, the Court added two units to the base offense level of 28, totaling Tran's offense level at 30 pursuant to § 3D1.4. *See* Sent'g Hr'g Tr. at 26:12-16. Although Amendment 782 would have effectively reduced Tran's offense level for Count XI from 26 to 24, it had no effect on the highest base offense level of 28 for Counts I and XXI. Because Tran's Sentencing Guidelines range of 97-121 months remains unaffected by Amendment 782, relief under § 3582(c) is unwarranted.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) [1447] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Inquiry of Case Status [1562] is **DENIED**.

**SO ORDERED**.

Dated: February 2, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge